U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB 25 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:05 CR 20044** |
| **VS.** | : | **JUDGE MINALDI** |
| **EDDIE J. SUTTON** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence [doc. 207]. The Government filed an answer [doc. 213]. The defendant did not file a Reply.

### PROCEDURAL HISTORY

On March 10, 2005, a federal grand jury returned an indictment charging the defendant and two codefendants with conspiracy to possess with intent to distribute fifty grams or more of cocaine base (count one); possession with intent to distribute over fifty grams of cocaine base on March 1, 2005, (count two); possession with intent to distribute 500 grams or more of cocaine on March 1, 2005, (count three) and a forfeiture count (count four). (Rec. Doc. 33). On February 21, 2006, the date the matter had been set for trial, the defendant pleaded guilty to counts one, two and three.(Rec. Doc. 81; PSI, para. 28).

On October 5, 2006, the defendant was sentenced to 360 months imprisonment on each count. The sentences are to run concurrently.

On October 11, 2006, the Court granted Andrew Casanave's motion to withdraw as attorney

of record. (Rec. Doc. 146). On August 21, 2007, the attorney appointed to represent the defendant on appeal filed a motion to withdraw and an Anders brief. The defendant filed responses to the Anders brief. On August 21, 2007, after reviewing the record, the attorney's brief and the defendant's response, the Fifth Circuit found no nonfrivolous issue for appeal. The counsel's motion to withdraw was granted, and the appeal was dismissed as frivolous. The judgment was issued as mandate on October 2, 2007. (Rec. Doc. 181). The defendant filed the instant motion on October 30, 2008. (Rec. Doc. 2008).

## FACTS

The factual basis submitted at the time of the guilty plea as well as the presentence investigation report demonstrate that the defendant was involved in distributing cocaine base and cocaine in Calcasieu Parish. (Rec. Doc. 61-2; PSI, paras. 2-24).

## Law and Analysis

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only

exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Sutton has not asserted actual innocence.

The defendant raises several arguments that were not raised on direct appeal:

1) The district court was without jurisdiction to file an indictment against the defendant because the grand jury foreman failed to file the poll sheet with the indictment;

2) The district court was without jurisdiction to hear and determine the criminal case because the statute, 18 U.S.C. §3231 was not passed by Congress and/or was not passed by Congress in a mode required by the constitution;

3) The guilty plea was not voluntary; and

4) The district court was without jurisdiction to impose the sentence because the sentence was not of the kind authorized by Congress for this offense.

Sutton procedurally defaulted these claims by failing to raise them on direct review. Accordingly, these claims are procedurally barred because Sutton has failed to show cause and prejudice.

The issue of the constitutionality of 21 U.S.C §841 was raised on appeal and was found to be meritless. Claims raised and considered on direct appeal cannot be considered in § 2255 Motions. *United States v. Webster*, 392 F.3d 787, 791 at fn. 5 (5th Cir.2004), citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); and, *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997). Therefore, it will not be considered in this motion.

3

Sutton contends that his counsel rendered ineffective assistance by not raising all of the issues raised herein. An ineffective assistance of counsel claim is cognizable in a §2255 motion.

To establish ineffective assistance of counsel *Strickland v. Washington*, 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994). Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without

4

first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

The defendant also challenges the effectiveness of his appellate counsel. The review of whether the attorney's failure to raise an issue on appeal falls below an "objective standard of reasonableness" is deferential, and there is a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2064; *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Nevertheless, appellate counsel is not required to "raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989), cert. denied, 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989). As part of advocacy strategy, counsel can choose the issues to raise on appeal that he feels are the strongest. *Ellis v. Lynaugh, Id.; Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986).

Decisions by counsel concerning strategy are considered with great deference. *Strickland v. Washington*, 104 S.Ct. at 2065-66; *Murray v. Maggio*, 736 F.2d at 282; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). The defendant contends that counsel should have raised on appeal the claims discussed above. Because those arguments lack merit, Sutton cannot demonstrate that his appellate counsel rendered deficient performance in failing to make such claims. *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir.1990) ( "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim .").

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 26 day of February, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE