RECEIVED
IN LAKE CHARLES, LA.
NOV 10 2009
TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20044-01 |
| VS. | : | JUDGE MINALDI |
| EDDIE JAMES SUTTON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion for Return of Property [doc. 227] filed by the defendant, Eddie James Sutton ("Sutton"). In response, the Government filed a Motion to Dismiss and/or In The Alternative For Summary Judgment [doc. 240]. The defendant did not file a timely reply.

### Facts

On March 10, 2005, a federal grand jury returned an indictment charging the defendant and two other codefendants with conspiracy to possess with intent to distribute fifty grams or more of cocaine base (count one); possession with intent to distribute over fifty grams of cocaine base on March 1, 2005, (count two); possession with intent to distribute 500 grams or more of cocaine on March 1, 2005, (count three) and a forfeiture count (count four). Count four listed $10,020.00 and a plasma television [doc. 33].

On February 21, 2006, on the date the matter had been set for trial, the defendant pleaded guilty to counts one, two and three [doc. 81; PSI, para. 28]. The plea agreement provided that the defendant agreed to forfeit $10,020.00 [doc. 81-4].

On July 20, 2006, the government filed a motion for preliminary order of forfeiture which referred to $10,020.00 in United States Currency. On July 25, 2006, the Court issued an order of forfeiture granting the motion for preliminary order of forfeiture [docs. 127, 128]. On October 19, 2006, the government filed a motion for forfeiture of property. On October 23, 2006, the Court issued a final judgment of forfeiture. This judgment related to $10, 020.00 [docs. 148, 150].

On October 5, 2006, the defendant was sentenced to 360 months imprisonment on each count. The sentences are to run concurrently [docs. 141, 147, 181]. The United States Court of Appeals for the Fifth Circuit dismissed the defendant's appeal as frivolous. The decision was issued as mandate on October 2, 2007 [doc. 181].

## **Analysis**

The defendant has filed a motion seeking the return of property under Fed.R.Crim.P. 41(g). In response to defendant's motion, the United States filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and in the alternative, motion for summary judgment under Fed.R.Civ.P. 56.

A post-conviction Rule 41(e) motion will be treated as a civil equitable proceeding for the return of the property in question. *See United States v. Taylor,* 975 F.2d 402, 403 (7th Cir.1992). An evidentiary hearing is not a prerequisite for a ruling on every Rule 41(g) motion. *United States v. Albinson,* 356 F.3d 278, 281-82 (3d Cir.2004). In interpreting the requirements of Rule 41(g), the rule only directs a district court to "receive evidence on any factual issue necessary to decide the motion." *Id.* (quoting Rule 41(g)). In doing so, "affidavits or documentary evidence ... may be sufficient to support a fact finder's determination." *Id.* at 282.

Where no criminal proceeding is pending, a district court has discretion to hear a motion for

the return of property as a civil equitable proceeding. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005). Courts should exercise "caution and restraint" before assuming jurisdiction over such a motion and they must consider four specific factors to determine if jurisdiction is warranted. *Id.* (quoting *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993)); *Kardoh v. United States*, 572 F.3d 697, 700 ( 9th Cir. 2009).

"[B]efore a district court can reach the merits of a pre-indictment [Rule 41(g) ] motion," the district court must consider whether: (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance." *Id.* at 324-25(citing *Richey v. Smith,* 515 F.2d 1239, 1243-44 (5th Cir.1975)). If the "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. *Ramsden,* 2 F.3d at 326.

In the case at bar, there is no evidence that the Government displayed a callous disregard for the constitutional rights of Sutton. Sutton has no individual interest in and need for the property he wants returned as he voluntarily forfeited the property. The "Consent Decree of Forfeiture" and all the other related documents provide that the defendant agreed to forfeit $10,200.00 [docs. 81, 127, 128, 148, 150]. The television never belonged to the defendant as it was subject to a lien and was returned to the rightful owner. There is no evidence that the defendant would be irreparably injured by denying return of the property. Finally, Sutton has an adequate remedy at law for the redress of his grievance as the Court of Appeals for the Fifth Circuit upheld the district court's denial of petitioner's Rule 41(e) motion for equitable relief by affirming the district court's finding that once

the government instituted forfeiture proceedings, those proceedings provided petitioner with an adequate remedy at law. *Industrias Cardoens, Ltda. v. United States*, 983 F.2d 49, 51-52 (5th Cir. 1993). All four factors weigh against reaching the merits of Sutton's motion.

Accordingly, the Government's Motion to Dismiss will be granted and the Defendant's Motion for the Return of Seized Property will be denied.

Lake Charles, Louisiana, this __10__ day of November, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE