**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20044-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **EDDIE JAMES SUTTON (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Eddie James Sutton. [Doc. No. 309]. Pursuant to his motion, Sutton asks that his term of imprisonment be reduced to time served, and that his term of supervised release be reduced to eight years. *Id.* at 6. The government opposes the motion, arguing Sutton is not eligible for relief under the FSA. [Doc. No. 310 at 1]. Alternatively, the government urges the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in granting any reduction to Defendant's sentence. *Id.* For the reasons set forth below, Defendant's motion is GRANTED.

### I.
#### BACKGROUND

On March 10, 2005, Sutton and two co-defendants were indicted for various narcotics offenses. [Doc. No. 33]. Specifically, Sutton was charged with conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3).[1] *Id.* On December 12, 2005, the government filed a

---

[1] Sutton was additionally named in Count 4, which was a forfeiture count.

Notice of Enhanced Penalty pursuant to 21 U.S.C. § 851, notifying Sutton that it would seek a statutory minimum sentence of twenty years incarceration due to Sutton's February 28, 1997 conviction in state court for distribution of marijuana. [Doc. No. 64]. On the morning trial was scheduled to commence, Sutton pleaded guilty to Counts 1 through 3 without a plea agreement. [Doc. No. 80].

On August 28, 2006, a sentencing hearing was held. [Doc. No. 140]. Sutton's statutory sentencing range was twenty years to life on Counts 1 and 2, and ten years to life on Count 3. [PSR at 21, ¶ 79]. The Office of Probation prepared a Presentence Investigation Report ("PSR"), which found Sutton was a "career offender" under the United States Sentencing Guidelines. *Id.* 9, ¶ 38. His criminal history category of IV was adjusted to VI due to his status as a career offender. *Id.* at 14, ¶¶ 52-53. Sutton's sentencing guideline range was 292 to 365 months of incarceration. *Id.* at 21, ¶ 80. The Court imposed a sentence of thirty years on all counts to run concurrently. [Doc. No. 141; *see also* Doc. No. 147]. The Court additionally imposed a ten-year term of supervised release on Counts 1 and 2, and an eight-year term of supervised release on Count 3, with all terms of supervised release to run concurrently. *Id.* Thereafter, the Fifth Circuit dismissed Sutton's appeal as frivolous. [Doc. No. 181].

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at

2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
#### ANALYSIS

**A.     Whether Defendant is eligible for relief under the First Step Act**

The government contends Sutton is ineligible for relief due to the amount of cocaine base attributed to him in the sentencing record. [Doc. No. 310 at 3]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). The

Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. In *Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. James Roy White*, 2020 WL 2843480, at *2 (5th Cir. June 1, 2020). In this matter, Sutton was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Sutton is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Sutton was originally subject to a statutory sentencing range of twenty years to life in prison on Counts 1 and 2 and ten years to life on Count 3. Under the First Step Act, Sutton's statutory sentencing range for Counts 1 and 2 is now ten years to life. His mandatory term of supervised release on Counts 1 and 2 has been reduced from ten to eight years.[2]

---

[2] Sutton's statutory sentencing range on Count 3 remains ten years to life, and his mandatory term of supervised release on Count 3 remains eight years.

Sutton's guideline range remains 292 to 365 months incarceration, due to the determination that he was a career offender. However, the Court notes were it conducting a plenary resentencing, Sutton would not be deemed a career offender.[3] Sutton has three prior convictions that potentially were relied upon as the basis for application of the career offender enhancement: (1) a 1996 conviction for distribution of 30 grams of marijuana (*i.e.*, the conviction used to enhance his statutory penalty), (2) a 1996 conviction for simple robbery, and (3) a 2002 conviction for negligent homicide. [PSR at 11-13]. The negligent homicide conviction does not constitute a "crime of violence" under the current sentencing guidelines manual, *see* U.S.S.G. § 4B1.2(a), and Sutton's convictions for distribution of marijuana and simple robbery would be deemed a "single sentence" for guideline purposes, as there was no "intervening arrest" and "the sentences were imposed on the same day." *See* U.S.S.G. § 4A1.2(a)(1); PSR at 11, ¶¶ 46-47. Without application of the career offender provision, Sutton's sentencing guideline range would be 110 to 137 months imprisonment.[4] As of this date, Sutton has served over 183 months in prison.

As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the sale of cocaine base. The PSR indicates Sutton was a mid-level distributor of narcotics in the Lake Charles area. [PSR at 5-7, ¶¶ 22-24]. There is no indication in the PSR that Sutton possessed a firearm, and there is no allegation of any violent acts in the offense conduct portion of the PSR. As to the history and characteristics of this defendant, Sutton does have several prior convictions directly and indirectly involving narcotics. At age 20, he was convicted of selling

---

[3] The Fifth Circuit has held that "the First Step Act does not allow plenary resentencing." *U.S. v. Hegwood*, 934 F.3d 414, 415 (5th Cir. 2019); *but see United States v. Chambers*, 956 F.3d 667, 672 (4th Cir.2020).

[4] The PSR held Sutton accountable for 2.46901 kilograms of cocaine, 329.08 grams of cocaine base, and 32.1 grams of marijuana, which results in 1,668.978 grams of "converted drug weight" and a base offense level of 30 under the current version of U.S.S.G. § 2D1.1. After a two-point deduction for acceptance of responsibility, Sutton's total offense level would be 28. An offense level of 28, coupled with a criminal history category of IV, results in a sentencing guideline range of 110 to 137 months imprisonment.

approximately 30 grams of marijuana to an undercover agent. At the same proceeding, he was also convicted of simple robbery, involving the robbery of a drug dealer. [PSR at 10-11, ¶ 46-47]. At age 26, Sutton was convicted of negligent homicide due to a car crash he caused while driving under the influence, resulting in the death of a passenger in Sutton's vehicle. *Id.* at 13, ¶ 49.

Sutton is now 44 years old. His projected release date is September 23, 2030.[5] Sutton has been incarcerated for these offenses since he was 29 years old. While in the custody of the Bureau of Prisons ("BOP"), Sutton has taken numerous educational, vocational and self-improvement classes in furtherance of his rehabilitation, including 240 hours of HVAC course work, 760 hours of computer business programming, anger management, legal writing, and more. [Doc. No. 309-2 at 1]. His security classification is low. [Doc. 309-3 at 1]. Sutton's work assignment is Army Combat Uniform Sec 7, and his work evaluations have been satisfactory. *Id.* Sutton's BOP Reentry Plan/Progress Report notes, "Great model inmate since he arrived to FCC Beaumont Low in 2013 and never had any issues with inmate Sutton." *Id.* at 3. In the fifteen years Sutton has been in BOP custody, Sutton has had only two disciplinary events, with the last one occurring in 2012.[6]

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served, effective June 24, 2020, is sufficient but not greater than necessary to comply with the purposes of sentencing, subject to the additional special condition of supervised release that for the first six

---

[5] *See* https://www.bop.gov/inmateloc/ (last visited June 4, 2020).

[6] In 2012, Sutton was disciplined for refusing to obey an order (the remarks section of Sutton's disciplinary report notes "I didn't hear her say lockdown"), for which he received a suspended sentence of 30 days loss of tru-links pending clear conduct. [Retroactivity Report at 7]. In 2007, Sutton was disciplined for being insolent to a staff member, for which he lost commissary privileges for one month. *Id.*

months of supervised release, Defendant must reside at CINC Halfway House in Lake Charles, Louisiana. The Court finds such a sentence is a substantial prison term, commensurate with the crimes Sutton committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release on Counts 1 and 2 to eight years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. Nos. 309] is GRANTED, and the Court will issue an amended judgment: (1) reducing Defendant's term of incarceration to TIME SERVED, effective June 24, 2020; (2) reducing Defendant's term of supervised release on Counts 1 and 2 to EIGHT YEARS, with the terms of supervised release on Counts 1 through 3 to run concurrently; and (3) imposing a special condition of supervised release that immediately upon release from the custody of the Bureau of Prisons, Defendant must reside at the CINC Halfway House in Lake Charles, Louisiana for a period of six (6) months.

Except as modified in this paragraph, all other provisions of the Judgment imposed on September 28, 2006 [Doc. No. 141], as modified on October 11, 2008 [*see* Doc. No. 147], REMAIN in effect.

SIGNED this 10th day of June, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE